UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONROE MARTIN, SR., <u>et</u> <u>al.</u>,   )<br>           )<br>      Plaintiff,   )<br>           )<br>   v.       )<br>           )<br>UNITED STATES OF AMERICA,   )<br>           )<br>      Defendant.   )<br>_____)  | No. 06-0630 (CKK) |

**<u>DEFENDANT'S ANSWER TO COMPLAINT</u>**

Defendant, the United States of America, through undersigned counsel, submits the following Answer to the Plaintiffs' Complaint which states and alleges:

**JURISDICTION**

**Paragraph One:**  This paragraph contains a jurisdictional allegation to which no response is required.

**VENUE**

**Paragraph Two:**     Denied.

**Paragraph Three:**  This paragraph refers to venue, an allegation to which Defendant United States is not required to reply.

**THE PARTIES**

**Paragraph Four:**  Defendant United States lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph at this time; accordingly, it is denied.

**Paragraph Five:** Defendant United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph; accordingly, it is denied.

**Paragraph Six:** Defendant United States denies the paragraph as framed.  Defendant United States admits that it operates the U.S. Department of Veterans Affairs Medical Center in Washington, D.C.

**Paragraph Seven:  First sentence:**  Defendant United States admits that medical records indicate that Plaintiff Monroe Martin, Sr. was admitted to the Same Day Surgery Unit at the VA Medical Center on July 7, 2004, and underwent an exploratory tympanotomy.  **Second sentence:**  Defendant United States admits that medical records indicate that the surgeon was Dr. Miquel A. Acevedo, but currently lacks knowledge or information sufficient to form a belief as to who may or may not have assisted Dr. Acevedo.  **Third sentence:**  Defendant United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in this sentence.  **Fourth sentence:**  Defendant United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in this sentence.  **Fifth sentence:**  Defendant United States admits that medical records indicate that during surgery a mass was identified and biopsied.  **Sixth sentence:**  Denied.

**Paragraph Eight:**  Defendant United States denies this paragraph as framed and admits only that medical records indicate that Plaintiff Martin Monroe, Sr. was transferred to the Washington Hospital Center on July 8, 2004.

**Paragraph Nine:** Defendant United States admits the first sentence of this paragraph with the exception that the administrative claims were filed with the U.S. Department of

Veterans Affairs, Regional Counsel Office.  The second sentence is a statement of information to which no response is required.

**Paragraph Ten:**  Defendant United States denies the first sentence of this paragraph.  The administrative claim was denied by letter to Plaintiffs' counsel on June 8, 2006.  The second sentence calls for a legal conclusion to which no answer is required.

**Paragraph Eleven:**  Defendant United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph.  Accordingly, it is denied.

**Paragraph Twelve:**  Defendant United States denies the first sentence of this paragraph as framed.  Defendant United States admits that medical care was provided by Defendant's Medical Center's employees acting within the scope of their employment.  The second sentence of this paragraph is denied.

**Paragraph Thirteen:**  Defendant United States denies this paragraph as framed.  Defendant United States admits that a health care provider/patient relationship existed between Plaintiff Monroe Martin, Sr., and Defendant's medical center.

**Paragraph Fourteen:**  Defendant United States can neither admit nor deny this paragraph as framed.  Defendant United States admits that it assumed the duty to use that degree of care and skill that a reasonably competent hospital acting in the same or similar circumstances would use.

**Paragraph Fifteen:**  Denied.

**Paragraph Sixteen:**  Denied.

**Paragraph Seventeen:**  Defendant United States denies this paragraph in its entirety.

**COUNT I**

3

**Paragraph Eighteen:**  Defendant United States hereby incorporates the answers to all previous paragraphs as if restated herein.

**Paragraph Nineteen:**  Defendant United States denies this paragraph in its entirety.

The next, unnumbered paragraph is plaintiff's request for a judgment to which no response is required.  To the extent that an answer may be deemed required, defendant denies that plaintiff is entitled to the relief requested, or to any relief whatsoever.

## COUNT II

**Paragraph Twenty:**  Defendant United States hereby incorporates the answers to all previous paragraphs as if restated herein.

**Paragraph Twenty-one:**  Defendant United States denies this paragraph in its entirety.

The next, unnumbered paragraph is plaintiff's request for a judgment to which no response is required.  To the extent that an answer may be deemed required, defendant denies that plaintiff is entitled to the relief requested, or to any relief whatsoever.

## GENERAL DENIAL

Defendant United States denies each and every allegation in the Complaint not expressly admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs fail to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' alleged injuries were caused solely by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agencies or employees of the United States for whom the United States has any liability pursuant

to the Federal Tort Claims Act.

### Third Affirmative Defense

Other's negligent acts or omissions may have constituted intervening or superceding causes of all damages or injuries allegedly sustained.

### Fourth Affirmative Defense

Plaintiffs' claims and/or causes of action set forth in the Complaint are barred by the doctrines of contributory negligence and/or assumption of the risk.

### Fifth Affirmative Defense

Plaintiffs have failed to mitigate or minimize their damages, if any.

### Sixth Affirmative Defense

Any damages recovered in this action must be reduced by the amount of any benefits that Plaintiffs' have received from the United States.

### Seventh Affirmative Defense

Insofar as the Complaint requests prejudgment interest, such is not recoverable under the FTCA.  28 U.S.C. § 2674

### Eighth Affirmative Defense

Costs are not separately recoverable under the Federal Tort Claims Act.

### Ninth Affirmative Defense

Pursuant to 28 U.S.C. § 2675(b), any claim for damages by Plaintiffs is limited by the amount set forth in the administrative claim submitted to the defendant agency

### Tenth Affirmative Defense

The United States reserves the right to amend this Answer and to assert additional affirmative defenses that may be revealed during discovery.

**WHEREFORE**, having fully answered, the United States of America asks the Court to:

(A)     Enter judgment that Plaintiffs take nothing;

(B)     Dismiss Plaintiffs' suit with prejudice;

(C)     Assess costs against Plaintiffs; and

(D)     Award the United States of America all other relief to which it is entitled.

June 12, 2006                                              Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, DC BAR #451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

_____/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 Fourth Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 307-1249
(202) 514-8780 (facsimile)