UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MONROE MARTIN, SR., et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CA No. 06-630 |
| | ) |
| **THE UNITED STATES OF AMERICA,** | ) (Judge Kollar-Kotelly) |
| | ) |
| Defendant. | ) |

## RULE 26(f) JOINT STATEMENT

The Plaintiffs, Monroe Martin, Sr., and Bertha Martin, by and through their attorneys, Bruce J. Klores and Thomas W. Mitchell of Bruce J. Klores and Associates, P.C., and Defendant the United States of America, by and through its attorneys Kenneth Wainstain, Rudolph Contreras, and John F. Henault, and jointly state as follows, pursuant to Fed.R.Civ.P. 26(f) and LCvR 16.3(a):

## JOINT STATEMENT OF THE CASE AND DEFENSES

This is a medical malpractice case file in this Court pursuant to 28 U.S.C. §§ 1346(b) and 2675(a). The complaint alleges that on July 7, 2004, Plaintiff Monroe Martin, Sr., was taken to an operating room at the Department of Veterans Medical Center, Washington, D.C., for an exploratory tympanotomy. During the surgery performed by the Defendant, a "mass" was identified and biopsied. Upon awakening in the recovery room, Mr. Martin discovered that the right side of his face was paralyzed. On July 8, 2004, Mr. Martin was transferred to the Washington Hospital Center for further investigation and surgical

exploration. A procedure was performed by Dennis C. Fitzgerald, M.D., and Monica Tadros, MD. No mass was identified. However, an inspection of Mr. Martin's right facial nerve noted a surgical injury just anterior to the stapes. The complaint alleges that the Defendant's healthcare providers negligently performed an exploratory tympanotomy and related procedures at the Department of Veterans Medical Center in Washington, D.C., and thereby caused injury and damages to the Plaintiffs.

Defendant denies that it was negligent in its treatment of plaintiff; its treatment of Mr. Martin complied with that of a reasonably prudent practitioner in the field. At every stage of his treatment, Mr. Martin was informed of the risks associated with the procedures and provided his informed consent to these risks. Moreover, because defendant was not negligent in its treatment of Mr. Martin, Ms. Martin may not recover from defendant under any theory.

## **LOCAL RULE 16.3 CONFERENCE**

The parties met by telephone on June 16, 2006, discussed the matters set forth in Fed.R.Civ.P. 26(f)(1) and LCvR 16.3(c), and report as follows:

1. The parties do not believe that this case is likely to be disposed of at this time by any dispositive motion.

2. There are no additional parties to be added at this time.

3. The case should not be assigned to a magistrate for all purposes, including trial.

4. There is a realistic possibility of settlement after some discovery has been conducted.

5. The case could benefit from the Court's ADR procedures, most likely mediation, but steps in that regard should await the completion of at least some discovery.

6. The case is not likely to be resolved by summary judgment or other dispositive motion. Nevertheless, the parties propose that any dispositive motion be filed within forty-five (45) days after the close of discovery, the opposition is due within thirty (30) days thereafter, and the reply is due twenty (20) days thereafter.

7. The parties do not stipulate to dispensing with the initial disclosures required by Rule 26(a)(1), nor to any change in the scope, timing or form of the disclosures.

8. The parties anticipate that discovery may be extensive, as this is a complex case that will likely involve numerous expert witnesses. The parties propose that discovery by completed by February 28, 2007.

9. The parties have agreed that Plaintiffs' Rule 26(a)(2) expert reports are due no later than November 1, 2006, Defendant's Rule 26(a)(2) expert reports are due no later than December 1, 2006, and Plaintiffs' rebuttal Rule 26(a)(2) expert reports are due no later than January 15, 2007.

10. This is not a class action.

11. There is no need to bifurcate or manage this case in phases.

12. The parties request that the Court schedule a status conference for the close of discovery. At that time, the parties can advise the Court of their intentions to file or not to file dispositive motions. If the parties file dispositive

motions, the parties request that the Court set a pretrial conference following its resolution of those dispositive motions. If the parties do not file dispositive motions, the parties request that the Court set a pretrial conference at the status conference.

       13.    The parties request that the trial date be set at the pretrial conference.

Date: June 26, 2006

BRUCE J. KLORES & ASSOCIATES, P.C.

By:_____/s/_____
Bruce J. Klores (DC Bar # 358548)
Thomas W. Mitchell (DC Bar #425180)
1735 20th Street, N.W.
Washington, D.C. 20009
P: (202) 628-8100
F: (202) 628-1240

*Counsel for Plaintiffs*

        and

_____/s/_____
Kenneth L. Wainstain (DC Bar # 451058)

_____/s/_____
Rudolph Contreras (DC Bar # 434122)

_____/s/_____
John Henault  (DC Bar # 472590)
Assitant United States Attorney
555 Fourth Street, N.W. – Civil Division
Washington, D.C.  20530
P: (202) 307-1249
F: (202) 514-8780

*Counsel for Defendant*

1808\Rule 26(f) report.doc

4