UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONROE MARTIN, SR., and )
BERTHA MARTIN, )
)
)
Plaintiffs, ) No. 06-0630 (CKK)
)
v. )
)
UNITED STATES OF AMERICA, )
)
Defendant. )
)

## STIPULATION AND ORDER OF COMPROMISE, SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between each of the undersigned plaintiffs (meaning any person – other than the plaintiffs' counsel and the defendant and its counsel – signing this agreement waiving and releasing claims or potential claims against the United States, whether such person is a party to this civil action or not) and the United States of America, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation of Compromise, Settlement And Release (hereinafter "Stipulation").

2. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by

1

all parties for the purpose of compromising disputed personal injury claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. The United States of America agrees to pay the cash sum of Eight Hundred and Thirty Thousand Dollars ($830,000.00) (hereinafter "settlement amount") in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which the plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States, its agents, servants, and employees on account of the same subject matter that gave rise to the above-captioned action.

4. The United States agrees to pay the settlement amount specified in Paragraph 3, above, on the following terms and conditions:

A. Within ten business days after counsel of record for the United States receives (i) this Stipulation signed by all parties to said document; (ii) a court Order approving the settlement on behalf of plaintiffs waiving and releasing claims or potential claims against the United States; (iii) the Social Security number or tax identification numbers of plaintiffs; and (iv) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will send a formal request to the Department of the Treasury that the settlement amount of Eight Hundred and Thirty Thousand Dollars ($830,000.00) be paid as provided in subparagraph 4.B., below.

2

B.   Payment of the settlement amount will be made by government wire transfer to an account as specified per the following:

Name of Bank:                       Wachovia Bank
Street Address of Bank:             1510 K Street, N.W.
City, State and Zip Code of Bank:   Washington, D.C. 20005
Federal Reserve Number:             ABA No 054-001220
Routing Number:                     N/A
Name of Account:                    Bruce J. Klores and Associates, P.C.-IOLTA Account
Account Number:                     ■■■■■■■

C.   With respect to the payment of the settlement amount, the United States will not sign any annuity applications or uniform qualified settlement forms or any equivalent forms, nor will the United States pay the settlement amount into a qualified settlement fund or its equivalent. Plaintiffs and their attorneys agree that neither they nor their representatives or agents will use any portion of the settlement amount to either (i) purchase or attempt to purchase a structured settlement annuity or a qualified settlement annuity or (ii) place or deposit or attempt to place or deposit any portion of the settlement amount in a qualified settlement fund or account or their equivalent, such as a 468B fund or account. Once the plaintiffs have received the settlement funds by wire transfer, there is nothing in this subparagraph 4.C. that precludes the plaintiffs from using the proceeds from the settlement funds to either (i) purchase a standard, non-structured settlement annuity or non-qualifying settlement annuity or (ii) fund a Special Needs Trust.

D.   The parties agree that any attorneys' fees owed by the plaintiffs in this action against the United States shall not exceed 25% of the settlement amount. See 28 U.S.C. § 2678. The parties agree that any fees for legal services, including guardian ad litem fees, incurred in this litigation or in obtaining any court approval of this settlement shall be considered attorneys' fees and

not costs, and shall be subject to the provisions of 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with any costs and expenses of said action against the United States, and any costs, expenses, or fees (including legal fees) associated with obtaining any court approval of this settlement, will be paid out of the settlement amount and not in addition thereto.

E. The plaintiffs stipulate and agree that they are legally responsible for any and all liens or claims for payment or reimbursement, including any liens or claims by Medicaid or Medicare. Plaintiffs and their attorneys stipulate and agree that the plaintiffs, by and through their attorneys, will satisfy or resolve any and all liens or claims for payment or reimbursement asserted by any individual or entity before distributing to plaintiffs any portion of the settlement amount.

5. Plaintiffs and their guardians, heirs, executors, administrators, or assigns do hereby accept the settlement amount and the terms and conditions of this Stipulation in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which the plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States, its agents, servants, and employees on account of the same subject matter that gave rise to the above-captioned action. Plaintiffs and their guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify, and hold harmless the United States and its agents, servants, and employees from and against any and all such claims, causes of action, liens, rights, or subrogated or contribution interests incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action.

6. This compromise settlement is specifically subject to each of the following conditions:

A. The Attorney General or the Attorney General's designee must approve the terms of the settlement and authorize the attorney representing the United States to negotiate and consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation.

B. The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The United States will not seek approval from the Attorney General or his designee unless and until the parties have agreed to the terms and conditions of this Stipulation, as evidenced by the signatures of plaintiffs and their attorney.

C. Following the complete execution of this Stipulation, plaintiffs must file it with the Court and have it entered as an Order of the Court. Plaintiffs agree to obtain such court Order in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event any such court Order is not obtained with respect to each party to this action in a timely manner. In the event plaintiffs fail to obtain the Order, the entire Stipulation and the compromise settlement are null and void.

7. Subject to the terms and conditions set forth in this Stipulation, plaintiffs' attorney agrees to distribute the settlement amount to plaintiffs after paying or resolving any lien or claim for reimbursement or payment for which plaintiffs have agreed to be legally responsible under the terms of this Stipulation.

8. The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

9. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this 9th day of August, 2007.

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

6

Executed this 2nd day of August, 2007.

_____
Thomas W. Mitchell
Attorneys for Plaintiffs


Executed this 2nd day of Aug, 2007.

_____
Plaintiff Monroe Martin


Executed this 2nd day of Aug., 2007.

_____
Plaintiff Bertha Martin


## ORDER

In accordance with the above stipulation, it is this _____ day of _____, 2007, hereby Ordered that this action is dismissed with prejudice subject to the terms and conditions set forth herein.

_____
Colleen Kollar-Kotelly
United States District Judge